# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LINA M. GOMEZ,**

      **Plaintiff,**

**v.**                              **Case No: 6:24-cv-1093-WWB-EJK**

**BLESSED CARS LLC and EDWIN H. SILVA,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Clerk's Entry of Default Against Defendant Blessed Cars LLC (the "Motion") (Doc. 13), filed September 25, 2024. Upon consideration, the Motion is due to be granted.

**I. BACKGROUND**

Plaintiff filed a Complaint against Defendants Blessed Cars LLC and Edwin H. Silva, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. (Doc. 2.) The Return of Service affidavit reflects that Defendant Blessed Cars LLC ("Defendant") was served on June 20, 2024, through service on an employee of its registered agent. (Doc. 11.) Plaintiff now seeks entry of a clerk's default against Defendant for its failure to appear in this case. (Doc. 13.) The Motion is now ripe for review.

**II. STANDARD**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

Defendant is an LLC which operates in Kissimmee, Florida. (Doc. 1 ¶ 3.) Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B).

The Return of Service affidavit reflects that Defendant was served on June 20, 2024, through service on an employee of its registered agent, Sunshine Corporate Filings LLC. (Doc. 11.) Florida's Division of Corporation's website confirms that Sunshine Corporate Filings LLC, is Defendant's registered agent.[1] Therefore, service

---

[1] *Detail by Entity Name of Blessed Cars LLC*, Division of Corporations, an official State of Florida website,
https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquiryty
pe=EntityName&directionType=Initial&searchNameOrder=BLESSEDCARS%20L
230001974640&aggregateId=flal-l23000197464-039b7885-3420-4e2b-adeb-
8ddf8ba0e6c6&searchTerm=Blessed%20Cars%20LLC&listNameOrder=BLESSED
CARS%20L230001974640 (last visited Oct. 22, 2024).

was effective under Rule 4(h)(1)(B).[2] Since Defendant was served on June 20, 2024, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

### IV.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion (Doc. 13) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendant Blessed Cars LLC.

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2024.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[2] Moreover, Florida Statute § 48.091(4) states that service of process on an employee of a registered agent that is not a natural person is acceptable.